# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

---

gnaydenskiy@faillacelaw.com

March 19, 2020

**VIA ECF**

Hon. Judge Robert W. Lehrburger
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Hernandez Paz et al v. 572 W. 173rd Street Realty, Corp. et al.
Case No. 18-cv-03377-JPO

Dear Judge Lehrburger:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor.  A copy of the FLSA Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

*Certified as a minority-owned business in the State of New York*

Page 2

Plaintiff alleges he would be entitled to back wages of approximately $165,279 as his best case scenario. However, all Defendants except Alfredo Hernandez ("Hernandez") contend that they were not Plaintiff's employer. Defendant Hernandez is the superintendent in the building wherein Plaintiff worked as a porter. Accordingly, it is unlikely that a residential building superintendent will be able to withstand a judgment. Additionally, after many meetings with the Plaintiff, it has become apparent to the undersigned that the Defendants except Defendant Hernandez will likely not be held to be Plaintiff's employers. Thus, in order to avoid the legal and factual risks of protracted litigation and the significant risk of seeking an uncollectable judgment, the parties have agreed to settle this action for the total sum of $15,000.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $5,266.66 which consists of 1) Costs in the amount of $400[1] subtracted from the $15,000 settlement amount and one third of the remainder which equals to $4,866.66 plus 2) costs in the amount of $400.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $11,129 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

      ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

---

[1] Even though the invoice reflects $800 as the filing fee, counsel calculated $400 (the correct filing fee) in all calculations.

[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL HERNANDEZ PAZ, *individually and
on behalf of others similarly situated,*

Plaintiff,

-against-

572 W. 173RD STREET REALTY, CORP.
(D/B/A 572 W. 173RD STREET REALTY,
CORP.), HAAV 575 REALTY CORP. (D/B/A
HAAV 575 REALTY CORP.), and ALFREDO
HERNANDEZ,

*Defendants.*

**18-cv-03377-JPO**

**SETTLEMENT AGREEMENT
AND
RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel Hernandez Paz ("Plaintiff Hernandez") on the one hand, 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.) and Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), ("Defendant Corporation"), Alfredo Hernandez, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Hernandez alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Hernandez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03377-JPO (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Hernandez, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Hernandez may have against Defendants through

the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Hernandez, the gross sum of Fifteen Thousand Dollars and No Cents ($**15,000.00**) (the "Settlement Amount") to be paid to Plaintiff Hernandez's attorneys, as follows:

(a)     Installment One: Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within 30 days of this Agreement being approved by the Court as follows:

| | |
|---|---|
| MIGUEL HERNANDEZ PAZ | $4,866.67 by IRS Form 1099 |
| MICHAEL & ASSOCIATES, ATTORNEYS' FEES AND COSTS | $2,633.33 by IRS Form 1099 |

(b)     Installment Two: Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within 30 days of this Agreement being approved by the Court as follows:

| | |
|---|---|
| MIGUEL HERNANDEZ PAZ | $4,866.67 by IRS Form 1099 |
| MICHAEL & ASSOCIATES, ATTORNEYS' FEES AND COSTS | $2, 633.33 by IRS Form 1099 |

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).     Concurrently with the execution of this Agreement, Defendants 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.), Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), and, Alfredo Hernandez shall each execute and deliver to Hernandez's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Hernandez's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Hernandez's counsel's escrow account, or Defendants fail to deliver the payments to Hernandez's counsel within ten days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Eric Marc Zim, Esq., at 260 Madison Avenue, 16th Floor, New York, NY 10016. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.     Release and Covenant Not To Sue: Plaintiff Hernandez hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all FLSA and NYLL wage and hour charges,

complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Hernandez at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Hernandez from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Hernandez that have occurred as of the Effective Date of this Agreement.

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Hernandez and Defendants.

5.    Acknowledgments:    Plaintiff Hernandez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Hernandez:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Eric Marc Zim
Horwitz & Zim Law Group, P.C., P.C.
260 Madison Avenue, 16th Floor
New York, NY 10016
Tel: (212)-644-1857
Fax: (212)-644-6553
Email: ezim@hzlaw.com

7.    <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    <u>Enforceability</u>:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Hernandez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    <u>Release Notification</u>:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Hernandez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff Hernandez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.   <u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.


PLAINTIFF:


By: _____          Date: _____
      MIGUEL HERNANDEZ PAZ


DEFENDANTS:

By: _____          Date: _____
      572 W. 173RD STREET REALTY, CORP.

By: _____    Date: _____
    HAAV 575 REALTY CORP.

By: _____    Date: _____
    ALFREDO HERNANDEZ

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MIGUEL HERNANDEZ PAZ, *individually*
*and on behalf of others similarly situated,*

        Plaintiff,

        -against-

572 W. 173RD STREET REALTY, CORP.
(D/B/A 572 W. 173RD STREET REALTY,
CORP.), HAAV 575 REALTY CORP.
(D/B/A HAAV 575 REALTY CORP.), and
ALFREDO HERNANDEZ,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **18-cv-03377-JPO**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK   )
                : ss.:
COUNTY OF          )

    1.    I reside in New York County.

    2.    I, Avi Dishi, am the President 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.). I am duly authorized to make this affidavit of confession of judgment on behalf of 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.).

    3.    572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.), maintains its principal place of business in New York County at 572 West 173rd Street, New York, New York 10032.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Hernandez Paz (each a "Plaintiff" and collectively, "Plaintiffs") and 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.), Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.). and, Alfredo Hernandez (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.) in favor of Plaintiffs for the sum of Ten Thousand Dollars and No Cents ($10,000.00), less any payments made under the Settlement Agreement.

    5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs..

    6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $10,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.).

572 W. 173rd Street Realty, Corp.

By: _____

Avi Dishi

Title: President

STATE OF ___New York___

: ss.:

On __03/6__, 2020, before me personally came Avi Dishi to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of 572 W. 173rd Street Realty, Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 572 W. 173rd Street Realty, Corp. and was authorized to do so.

_____

Notary Public

CONSTANTINOS KOMINOS
Notary Public, State of New York
Reg. No. 01KO6180349
Qualified in New York County
Commission Expires 01/07/20

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MIGUEL HERNANDEZ PAZ, *individually*
*and on behalf of others similarly situated,*

               Plaintiff,

            -against-

572 W. 173RD STREET REALTY, CORP.
(D/B/A 572 W. 173RD STREET REALTY,
CORP.), HAAV 575 REALTY CORP.
(D/B/A HAAV 575 REALTY CORP.), and
ALFREDO HERNANDEZ,

               *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **18-cv-03377-JPO**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
                          : ss.:
COUNTY OF            )

1.      I reside in New York County.

2.      I, Avi Dishi, am the President Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.). I am duly authorized to make this affidavit of confession of judgment on behalf of Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.).

3.      Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), maintains its principal place of business in New York County at 575 West 172nd Street, New York, New York 10032.

4.      Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Hernandez Paz (each a "Plaintiff" and collectively, "Plaintiffs") and 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.), Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), and, Alfredo Hernandez (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.) in favor of Plaintiffs for the sum of Ten Thousand Dollars and No Cents ($10,000.00), less any payments made under the Settlement Agreement.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $10,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.).

Haav 575 Realty Corp.

By: _____

Avi Dishi

Title: President

STATE OF New York

: ss.:

On ___05/16___, 2020, before me personally came Avi Dishi to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of Haav 575 Realty Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Haav 575 Realty Corp. and was authorized to do so.

_____
Notary Public

CONSTANTINOS KOMINOS
Notary Public, State of New York
Reg. No. 01KO6180349
Qualified in New York County
Commission Expires 01/07/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIGUEL HERNANDEZ PAZ, *individually and*
*on behalf of others similarly situated,*

             Plaintiff,

      -against-

572 W. 173RD STREET REALTY, CORP.
(D/B/A 572 W. 173RD STREET REALTY,
CORP.), HAAV 575 REALTY CORP.  (D/B/A
HAAV 575 REALTY CORP.), and ALFREDO
HERNANDEZ,

             *Defendants.*

**18-cv-03377-JPO**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel Hernandez Paz ("Plaintiff Hernandez") on the one hand, 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.) and Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), ("Defendant Corporation"), Alfredo Hernandez, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Hernandez alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Hernandez's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03377-JPO (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Hernandez, subject to the terms and conditions of this Agreement, and as full,  complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Hernandez may have against Defendants through

the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Hernandez, the gross sum of Fifteen Thousand Dollars and No Cents ($**15,000.00**) (the "Settlement Amount") to be paid to Plaintiff Hernandez's attorneys, as follows:

     (a)     Installment One: Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within 30 days of this Agreement being approved by the Court as follows:

| | |
|---|---|
| MIGUEL HERNANDEZ PAZ | $4,866.67 by IRS Form 1099 |
| MICHAEL & ASSOCIATES, ATTORNEYS' FEES AND COSTS | $2,633.33 by IRS Form 1099 |

     (b)     Installment Two: Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within 30 days of this Agreement being approved by the Court as follows:

| | |
|---|---|
| MIGUEL HERNANDEZ PAZ | $4,866.67 by IRS Form 1099 |
| MICHAEL & ASSOCIATES, ATTORNEYS' FEES AND COSTS | $2,633.33 by IRS Form 1099 |

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

     (a).     Concurrently with the execution of this Agreement, Defendants 572 W. 173rd Street Realty, Corp. (d/b/a 572 W. 173rd Street Realty, Corp.), Haav 575 Realty Corp. (d/b/a Haav 575 Realty Corp.), and, Alfredo Hernandez shall each execute and deliver to Hernandez's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Hernandez's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Hernandez's counsel's escrow account, or Defendants fail to deliver the payments to Hernandez's counsel within ten days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Eric Marc Zim, Esq., at 260 Madison Avenue, 16th Floor, New York, NY 10016. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

     2.     <u>Release and Covenant Not To Sue</u>: Plaintiff Hernandez hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all FLSA and NYLL wage and hour charges,

complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Hernandez at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Hernandez from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Hernandez that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Hernandez and Defendants.

5.     <u>Acknowledgments:</u>     Plaintiff Hernandez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Notices:</u>     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Hernandez:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Eric Marc Zim
**Horwitz & Zim Law Group, P.C., P.C.**
260 Madison Avenue, 16th Floor
New York, NY 10016
Tel: (212)-644-1857
Fax: (212)-644-6553
Email: ezim@hzlaw.com

7.    Governing Law:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Hernandez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Hernandez acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff Hernandez confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.


PLAINTIFF:

By: _____          Date: _____
      MIGUEL HERNANDEZ PAZ


DEFENDANTS:

By: _____          Date: _____
      572 W. 173RD STREET REALTY, CORP.

By: _____          Date: _____
    HAAV 575 REALTY CORP.

By: _____          Date: _____
    ALFREDO HERNANDEZ

# EXHIBIT B

For Settlement Purposes Only
Royal Pizza

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | |
| 2 | | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| 3 | Miguel Hernandez Paz | 4/18/2012 | 11/30/2012 | 32 | 49 | $ 7.25 | 10.88 | $ 387.88 | $ - | $ - | $ - | $ 387.88 | $ 12,412.00 | $ 12,412.00 |
| 4 | | 12/1/2012 | 3/31/2013 | 17 | 63 | $ 7.25 | 10.88 | $ 540.13 | $ - | $ - | $ - | $ 540.13 | $ 9,182.13 | $ 9,182.13 |
| 5 | | 4/1/2013 | 11/30/2013 | 35 | 49 | $ 7.25 | 10.88 | $ 387.88 | $ - | $ - | $ - | $ 387.88 | $ 13,575.63 | $ 13,575.63 |
| 6 | | 12/1/2013 | 12/30/2013 | 4 | 63 | $ 7.25 | 10.88 | $ 540.13 | $ - | $ - | $ - | $ 540.13 | $ 2,160.50 | $ 2,160.50 |
| 7 | | 12/31/2013 | 3/31/2014 | 13 | 63 | $ 8.00 | 12.00 | $ 596.00 | $ - | $ - | $ - | $ 596.00 | $ 7,748.00 | $ 7,748.00 |
| 8 | | 4/1/2014 | 11/30/2014 | 35 | 49 | $ 8.00 | 12.00 | $ 428.00 | $ - | $ - | $ - | $ 428.00 | $ 14,980.00 | $ 14,980.00 |
| 9 | | 12/1/2014 | 12/30/2014 | 4 | 63 | $ 8.00 | 12.00 | $ 596.00 | $ - | $ - | $ - | $ 596.00 | $ 2,384.00 | $ 2,384.00 |
| 10 | | 12/31/2014 | 3/31/2015 | 13 | 63 | $ 8.75 | 13.13 | $ 651.88 | $ - | $ - | $ - | $ 651.88 | $ 8,474.38 | $ 8,474.38 |
| 11 | | 4/1/2015 | 11/30/2015 | 35 | 49 | $ 8.75 | 13.13 | $ 468.13 | $ - | $ - | $ - | $ 468.13 | $ 16,384.38 | $ 16,384.38 |
| 12 | | 12/1/2015 | 12/30/2015 | 4 | 63 | $ 8.75 | 13.13 | $ 651.88 | $ - | $ - | $ - | $ 651.88 | $ 2,607.50 | $ 2,607.50 |
| 13 | | 12/31/2015 | 3/31/2016 | 13 | 63 | $ 9.00 | 13.50 | $ 670.50 | $ - | $ - | $ - | $ 670.50 | $ 8,716.50 | $ 8,716.50 |
| 14 | | 4/1/2016 | 11/30/2016 | 35 | 49 | $ 9.00 | 13.50 | $ 481.50 | $ - | $ - | $ - | $ 481.50 | $ 16,852.50 | $ 16,852.50 |
| 15 | | 12/1/2016 | 12/30/2016 | 4 | 63 | $ 9.00 | 13.50 | $ 670.50 | $ - | $ - | $ - | $ 670.50 | $ 2,682.00 | $ 2,682.00 |
| 16 | | 12/31/2016 | 3/31/2017 | 13 | 63 | $ 11.00 | 16.50 | $ 819.50 | $ - | $ - | $ - | $ 819.50 | $ 10,653.50 | $ 10,653.50 |
| 17 | | 4/1/2017 | 11/30/2017 | 35 | 49 | $ 11.00 | 16.50 | $ 588.50 | $ - | $ - | $ - | $ 588.50 | $ 20,597.50 | $ 20,597.50 |
| 18 | | 12/1/2017 | 12/30/2017 | 4 | 63 | $ 11.00 | 16.50 | $ 819.50 | $ - | $ - | $ - | $ 819.50 | $ 3,278.00 | $ 3,278.00 |
| 19 | | 12/31/2017 | 3/30/2018 | 13 | 63 | $ 13.00 | 19.50 | $ 968.50 | $ - | $ - | $ - | $ 968.50 | $ 12,590.50 | $ 12,590.50 |
| 20 | | | | | | | | | | | | | $ 165,279.00 | $ 165,279.00 |
| 21 | | | | | | | | | | | | | | |
| 22 | TOTAL DAMAGES | | | | | | | | | | | | $ 165,279.00 | $ 165,279.00 |
| 23 | | | | | | | | | | | | | | |
| 24 | NYLL - SOL | 4/19/2012 | | | | | | | | | | | | |
| 25 | NYLL Amendment Date | 4/9/2011 | | | | | 1 This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | |
| 26 | FLSA - SOL | 4/19/2015 | | | | | 2 Plaintiffs reserve the right to correct or amend this chart. | | | | | | | |
| 27 | Filing Date | 4/18/2018 | | | | | 3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the | | | | | | | |
| 28 | Today's Date | 3/19/2020 | | | | | | | | | | | | |
| 29 | | | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | | | |

For Settlement Purposes Only
Royal Pizza

| | A | B | C | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Plaintiff | Pay Period | | Spread of Hours | | | Pre-Judgment Interest | | Other Claims | | | TOTALS |
| 2 | | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | Wage Notice | Wage Statement | Tools of the Trade | |
| 3 | Miguel Hernandez Paz | 4/18/2012 | 11/30/2012 | 0 | $  - | $  - | $ 8,506.87 | $  - | $ 5,000.00 | $ 5,000.00 | $ 1,062.00 | $ 44,392.87 |
| 4 | | 12/1/2012 | 3/31/2013 | 0 | $  - | $  - | $ 5,899.24 | $  - | | | | $ 24,263.49 |
| 5 | | 4/1/2013 | 11/30/2013 | 0 | $  - | $  - | $ 8,111.03 | $  - | | | | $ 35,262.28 |
| 6 | | 12/1/2013 | 12/30/2013 | 0 | $  - | $  - | $ 1,217.85 | $  - | | | | $ 5,538.85 |
| 7 | | 12/31/2013 | 3/31/2014 | 0 | $  - | $  - | $ 4,251.88 | $  - | | | | $ 19,747.88 |
| 8 | | 4/1/2014 | 11/30/2014 | 0 | $  - | $  - | $ 7,601.91 | $  - | | | | $ 37,561.91 |
| 9 | | 12/1/2014 | 12/30/2014 | 0 | $  - | $  - | $ 1,129.28 | $  - | | | | $ 5,897.28 |
| 10 | | 12/31/2014 | 3/31/2015 | 0 | $  - | $  - | $ 3,887.80 | $  - | | | | $ 20,836.55 |
| 11 | | 4/1/2015 | 11/30/2015 | 0 | $  - | $  - | $ 6,839.99 | $  - | | | | $ 39,608.74 |
| 12 | | 12/1/2015 | 12/30/2015 | 0 | $  - | $  - | $ 1,000.47 | $  - | | | | $ 6,215.47 |
| 13 | | 12/31/2015 | 3/31/2016 | 0 | $  - | $  - | $ 3,213.32 | $  - | | | | $ 20,646.32 |
| 14 | | 4/1/2016 | 11/30/2016 | 0 | $  - | $  - | $ 5,514.54 | $  - | | | | $ 39,219.54 |
| 15 | | 12/1/2016 | 12/30/2016 | 0 | $  - | $  - | $ 787.01 | $  - | | | | $ 6,151.01 |
| 16 | | 12/31/2016 | 3/31/2017 | 0 | $  - | $  - | $ 2,967.27 | $  - | | | | $ 24,274.27 |
| 17 | | 4/1/2017 | 11/30/2017 | 0 | $  - | $  - | $ 4,886.22 | $  - | | | | $ 46,081.22 |
| 18 | | 12/1/2017 | 12/30/2017 | 0 | $  - | $  - | $ 666.89 | $  - | | | | $ 7,222.89 |
| 19 | | 12/31/2017 | 3/30/2018 | 0 | $  - | $  - | $ 2,375.18 | $  - | | | | $ 27,556.18 |
| 20 | | | | | $  - | $  - | $ 68,856.75 | $  - | $ 5,000.00 | $ 5,000.00 | $ 1,062.00 | $ 410,476.75 |
| 21 | | | | | | | | | | | | |
| 22 | | TOTAL DAMAGES | | | $  - | $  - | $ 68,856.75 | $  - | $ 5,000.00 | $ 5,000.00 | $ 1,062.00 | $ 410,476.75 |
| 23 | | | | | | | | | | | | |
| 24 | NYLL - SOL | 4/19/2012 | | | | | | | | | | |
| 25 | NYLL Amendment Date | 4/9/2011 | | | | | | | | | | |
| 26 | FLSA - SOL | 4/19/2015 | | | | | | | | | | |
| 27 | Filing Date | 4/18/2018 | | e FLSA and NYLL. | | | | | | | | |
| 28 | Today's Date | 3/19/2020 | | | | | | | | | | |
| 29 | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | |

# EXHIBIT C

### Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200                Fax:(212) 317-1620

Miguel  Galicia Jimenez                                              March 16, 2020


|              |          | File #:  | 572Realty |
|--------------|----------|----------|-----------|
| **Attention:** |        | Inv  #:  | 1190      |


**RE:**    Hernandez Paz et al v. 572 W. 173rd Street Realty, Corp. et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Apr-05-18 | interviewed new client | 1.00 | 450.00 | MF |
| | interviewed new client and got facts for complaint | 0.90 | 405.00 | MF |
| Apr-17-18 | drafted complaint | 3.00 | 1,350.00 | MF |
| Apr-23-18 | reviewed language of complaint and classified for future use | 0.30 | 135.00 | MF |
| Aug-14-18 | discussed status of case with staff | 0.10 | 45.00 | MF |
| Aug-21-18 | review complaint | 0.00 | 0.40 | GN |
| | review def doc responses | 0.00 | 0.00 | GN |
| | review case file | 0.40 | 100.00 | GN |
| | continue review of case file and strategy | 0.80 | 200.00 | GN |
| | conference with. plaintiff | 0.00 | 0.10 | GN |
| | legal research constructive notice | 0.70 | 175.00 | GN |
| | legal reserach constructive notice of time worked | 0.40 | 100.00 | GN |

| | | | | |
|---|---|---|---|---|
| | conference with MF | 0.00 | 0.00 | GN |
| | telephone def atty | 0.10 | 25.00 | GN |
| | telephone conference with cl | 0.00 | 0.00 | GN |
| | confrence w/ other attys in office re: strategy | 0.30 | 105.00 | GN |
| | telephone conference with def attorney | 0.20 | 50.00 | GN |
| Aug-24-18 | Spoke toclient | 0.50 | 125.00 | GN |
| Nov-06-18 | review schedule for ·depositions | 0.10 | 25.00 | GN |
| | review case law for operational control | 0.10 | 25.00 | GN |
| Nov-08-18 | review ·DEPOSITION notices | 0.10 | 25.00 | GN |
| Nov-12-18 | email w/ def attorney re: ·DEPOSITION scheduling | 0.10 | 35.00 | GN |
| | review deposition notices | 0.10 | 35.00 | GN |
| Nov-14-18 | edit ltr to judge, email def attorney | 0.10 | 25.00 | GN |
| Nov-19-18 | conference with SV re: ·DEPOSITION of scheduling | 0.10 | 35.00 | GN |
| Dec-07-18 | email def attorney | 0.10 | 25.00 | GN |
| | telephone conference with def attorney re: ·DEPOSITION of dates | 0.40 | 140.00 | GN |
| Jan-04-19 | telephone conference with def attorney | 0.10 | 35.00 | GN |
| Jan-07-19 | review ltr from def attorney | 0.10 | 35.00 | MF |
| Jan-30-19 | discuss case with JA | 0.10 | 35.00 | GN |
| Jan-31-19 | travel to court | 0.30 | 75.00 | GN |
| | court conference | 0.20 | 50.00 | GN |
| | travel from court | 0.30 | 75.00 | GN |

| Feb-22-19 | conference with def attorney re: scheduling depo | 0.10 | 35.00 | MF |
| Apr-29-19 | drat opp to def motion to dimsiss | 1.70 | 595.00 | GN |
| | review draft opp | 0.10 | 35.00 | GN |
| | edit draft opp to dismiss | 0.50 | 175.00 | GN |
| Apr-30-19 | Called Spanish Certified Court Interpreter | 0.20 | 20.00 | PL |
| May-02-19 | telephone def attorney | 0.10 | 35.00 | GN |
| | draft jpto and jury instructions and verdit sheet | 1.10 | 385.00 | GN |
| | continue draft jpto and jury instructions and verdit sheet | 1.20 | 420.00 | GN |
| | Called Veritext asking them for an Nahuatl interpreter | 0.20 | 20.00 | PL |
| May-07-19 | court | 0.80 | 280.00 | GN |
| | travel to court | 0.30 | 105.00 | GN |
| | travel from court | 0.40 | 140.00 | GN |
| | Called Veritext to Ask them to Cancel their Search for an interpreter | 0.08 | 8.00 | PL |
| May-08-19 | prepare for and attend pretrial conference | 1.50 | 600.00 | JA |
| | court | 0.80 | 280.00 | GN |
| | travel to court | 0.30 | 52.50 | GN |
| | travel from court | 0.40 | 70.00 | GN |
| | Called Client to Inform him we will notify him about trial status after conference | 0.03 | 3.00 | PL |
| May-10-19 | email def attorney re: depos | 0.00 | 0.00 | GN |
| May-15-19 | deposition preparation  of cl | 1.50 | 525.00 | GN |

|            |                                                |       |           |    |
|------------|------------------------------------------------|-------|-----------|----|
|            | legal research employer                        | 3.50  | 1,225.00  | GN |
| May-16-19  | email def attorney                             | 0.10  | 35.00     | GN |
| May-31-19  | email w/ def attorney                          | 0.10  | 35.00     | GN |
| Jun-07-19  | email w/ def attorney re: ·DEPOSITION scheduling | 0.10 | 35.00   | GN |
| Jun-11-19  | meeting w/ cl                                  | 1.00  | 350.00    | GN |
|            | Meeting with Client and GN                     | 1.00  | 100.00    | PL |
| Jul-03-19  | spoke with def attorney re: settlement         | 0.10  | 35.00     | GN |
|            | Spoke toClient                                 | 0.30  | 30.00     | PL |
| Jul-12-19  | court                                          | 0.80  | 280.00    | GN |
|            | preparation  for court                         | 0.50  | 175.00    | GN |
|            | travel to court                                | 0.40  | 70.00     | GN |
|            | travel from court                              | 0.40  | 70.00     | GN |
|            | court                                          | 0.80  | 80.00     | PL |
|            | Travel to court                                | 0.40  | 40.00     | PL |
|            | Travel from court to office                    | 0.40  | 40.00     | PL |
| Oct-03-19  | draft mediation statement                      | 2.10  | 735.00    | GN |
| Mar-12-20  | review draft agreement                         | 0.20  | 70.00     | GN |
|            | Totals                                         | 34.51 | $11,129.00 |   |

**DISBURSEMENTS**

|            |            |            |
|------------|------------|------------|
|            | Filing Fee | 800.00     |
|            | Totals     | $800.00    |

**Total Fee & Disbursements**                                          **$11,929.00**
_____

**Balance Now Due**                                                    **$11,929.00**